PER CURIAM.
We find that the state adduced evidence sufficient to raise the statutory presumption of intent to defraud under section 713.-34(3), Florida Statutes (1983).[1] Accordingly, the case was properly submitted to the jury. State v. Ferrari, 398 So.2d 804 (Fla.1981). Appellant’s remaining arguments regarding fundamental error are without merit.
AFFIRMED.
DAUKSCH and SHARP, JJ„ and SCOTT, R.C., Associate Judge, concur.

. Section 713.34(3) provides as follows:
Any person, firm, corporation or agent, officer or employee thereof who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property, for any other purpose than to pay for labor or services performed on or materials furnished for this specific improvement, while any amount for which he may be or become liable for such labor, services, or materials remains unpaid shall be guilty of embezzlement and shall be prosecuted and, upon conviction, punished in accordance with the provisions of the laws of this state; provided, however, that failure to pay for such labor, services or materials furnished for this specific improvement after receipt of such proceeds shall constitute prima facie evidence of intent to defraud.